CHARLES H. NEILL et al., *v.* JACOB VAN WAGENEN, Respondent.

CHARLES H. NEILL *v.* JACOB VAN WAGENEN, Respondent, SAMUEL H. RANDALL, Appellant. JACOB VAN WAGENEN Respondent.

(Argued December 13, 1887; decided January 17, 1888)

*Samuel H. Randall*, appellant, in person.

*Charles M. Marsh* for respondent.

Agree to dismiss appeal; no opinion.
All concur.
Appeal dismissed.

---

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN P. ALLEN, Respondent.

(Argued December 15, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made on the first Tuesday of June, 1887, which affirmed a judgment of the Superior Court of the city of Buffalo, entered upon an order sustaining a demurrer to the indictment herein.

*William L. Marcy* for appellant.

*Tracy C. Becker* for respondent.

Agree to affirm; no opinion.
All concur.
Judgment affirmed.

---

ANNIE H. TANNER, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued December 15, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered

upon an order made at the April term, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover the value of certain goods belonging to plaintiff delivered to defendant, to be transported to Rome, which, after their arrival at Rome, and while still in the freight car, were destroyed by fire communicated to the car from the freight depot near which it was standing.

The following is the *mem.* of the opinion:

"We think the case was for the jury in two aspects: *First.* Whether the fire which burned the freight house and the car containing the plaintiff's goods standing on the adjoining track, was caused by sparks thrown from a defective engine; and, *Second.* Assuming that the engine from which the fire was communicated was in good order, whether the defendant was negligent in leaving the plaintiff's goods in the car exposed to the danger of fire from the burning of the freight house.

" The evidence on the part of the plaintiff tended to show that the freight house was fired by sparks 'half the size of a walnut,' thrown from the engine of an east bound train upon the roof of the freight house, and that the fire ran down the roof in a number of places 'like a stream of water.'

" The defendant gives no evidence as to the condition of the engine on this train, but apparently assuming that the fire was set by an engine on a west bound train, which passed the freight house a few minutes after the east bound train, introduced evidence to show that the smoke stack and spark-arresting arrangement of the west bound train were perfect, and that the fire could not have been set by sparks therefrom.

" The evidence given by the defendant in respect to this engine would lead to the inference that proper precautions in the construction of an engine and in running a train would prevent the emission of sparks in the manner testified to by the witnesses for the plaintiff. The jury, therefore, in the absence of other explanation, might reasonably infer that the shower of sparks thrown by the engine on the east bound train was owing to its defective condition, or to the improper management of the train on the occasion in question. The

burning of the car was, under the conditions existing at the time, a natural result of the burning of the freight house, and if that was attributable to the negligence of the defendant, it is responsible for the loss of the plaintiff's goods.   If, however, the defendant is exempted from the imputation of negligence in respect to the condition of the engine or the management of the train, nevertheless it was bound to protect the plaintiff's goods from unreasonable hazard from extrinsic dangers, and it was for the jury to say whether this obligation was discharged in this case.   The day was windy, the freight house was a wood building, standing close to the track, with a sloping shingle roof covered with moss, and so constructed that sparks from a passing engine, when the wind was in the east or south, fell upon it.   The roof had frequently, before the occasion in question, taken fire from sparks from passing locomotives, which was known to the defendant.   The roof was very dry and highly inflammable; a high wind was blowing from the south-east, and the car containing the plaintiff's goods was left standing directly in the path of the flames which consumed the freight house.

"It was, we think, under the circumstances, for the jury to determine whether the defendant exercised proper care and reasonable prudence in leaving the car exposed to the hazard of fire communicated from the freight house, the danger being palpable, and the company having reason to apprehend that the freight house might take fire at any time from a passing locomotive.

"The judgment should be affirmed."

*C. D. Prescott* for appellant.

*J. D. McMahon* for respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.